CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
at Danville
AUG 03 2006
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| LOUIS C. LUCK, | ) | CASE NO. 4:06CV00007 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's September 4, 2003[1] claim for a period of disability and disability income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 54 years old with a high school diploma and past relevant work as a service man at a Goodyear Tire & Rubber Company

---

[1] The Law Judge's report mistakenly reflects that the application was filed on March 4, 2003. (R. 17, 75-77.)

plant; had not engaged in substantial gainful activity since his alleged date of disability onset, December 5, 2002; met the non-disability requirements; and was insured for benefits through at least December 31, 2008. (R. 18, 23.) The Law Judge further found that plaintiff has degenerative disease of both hips, knees and ankles; status post total left hip replacement (December 2002); degenerative disk disease of the lumbar spine; hypertension; obstructive sleep apnea; headaches and insomnia, which are collectively severe impairments, though not severe enough to meet or equal any listed impairment. (R. 18-19, 23.) The Law Judge was of the view that plaintiff's allegations concerning his limitations were not fully credible, and that he had the ability to perform light work which provides the option to sit or stand at 30 minute intervals, involves only occasional use of the right leg to operate foot controls, occasional bending at the knees, occasional kneeling, occasional crawling, and occasional climbing stairs and ladders. (R. 19, 21, 23.) The Law Judge determined that plaintiff cannot return to his past relevant work. (R. 22, 23.) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations, and by reference to testimony provided by the vocational expert (VE), the Law Judge concluded that plaintiff could perform the job of a bench assembler. (R. 22-24.)

Plaintiff appealed the Law Judge's decision to the Appeals Council. The Appeals Council found no basis in the record or in the reasons the plaintiff advanced on appeal to review the Law Judge's decision. (R. 14–16) Accordingly, the Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. § 404.1527- 404.1545; *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v.*

*Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. § 404.1527; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In his combined motion for summary judgment and brief filed in support thereof, plaintiff initially claims that the Law Judge erred by failing to give proper weight to the opinion of his treating orthopedic surgeon, David E. Attarian, M.D. Specifically, plaintiff contends that the Law Judge failed to give proper weight to the November 4, 2003 "detailed assessment." (Pl's Brief, p. 12.) The purported "detailed assessment," actually a two page preprinted checklist provided by an insurance company, states that plaintiff was limited to performing sedentary work, and that "no change" in this finding was anticipated. (R. 198-199.) The Law Judge concluded that the opinions contained in this checklist were entitled to "reduced weight," as the checklist does not refer to objective medical evidence to support the opinions reflected therein and the opinions are inconsistent with the record as a whole, including Dr. Attarian's own records. (R. 19.)

In contrast to the November 4, 2003 checklist, the record contains a detailed office note following an examination performed on November 13, 2003. The November 13, 2003 office note reveals Dr. Attarian's findings that plaintiff's x-rays showed that his left hip was well aligned and rigidly fixed, and that he could stand and walk "without much difficulty and in fact ha[d] a near normal gait." (R. 197.) Moreover, the record contains additional evidence which

3

undermines the opinions reflected in the checklist. For instance, on July 24, 2003, Dr. Attarian found that plaintiff's complaints were inconsistent with the objective medical findings. Following his examination, he noted that plaintiff was able to ambulate without an assistance device, his left hip was "completely healed and shows no significant tenderness," and his left hip motion was "relatively full and pain free." (R. 121.) Also, on May 23, 2003, Dr. Attarian opined that plaintiff's complaints with respect to his lower extremities were not consistent with the physical findings. (R. 129.) Other evidence of record shows that the nerve conduction study and physical examination conducted on September 10, 2003 were normal (R. 118-119); electromyography performed on March 13, 2003 was normal (R. 137); and plaintiff had a full range of motion on October 6, 2004 (R. 239). The undersigned concludes that the Law Judge's decision to give the November 4, 2003 checklist reduced weight is supported by substantial evidence.

Next, plaintiff argues that the Law Judge ignored the opinions expressed by his treating neurologist, Kofi A. Doonquah, M.D. On January 12, 2005, Dr. Doonquah opined that plaintiff's "condition could reasonably cause significant pain and limitation upon *prolonged* standing and walking, and could reasonably require him to sit frequently throughout the day." (R. 259)(emphasis added.) The Law Judge found that plaintiff could perform light work which "provides the option to sit or stand at 30 minute intervals." (R. 19, 23.) The Law Judge's findings are consistent with Dr. Doonquah's assessment and the record as a whole.[2]

Plaintiff argues that the Law Judge failed to consider that the limitations assessed by Dr.

---

[2]Plaintiff testified that he is capable of standing and walking on a level surface for thirty minutes at a time before experiencing pain. (R. 43-44.)

4

Attarian in his November 4, 2003 evaluation precluded him from performing substantial gainful activity. As noted above, the November 4, 2003 checklist is inconsistent with the evidence of record, including Dr. Attarian's own treatment records. Thus, the Law Judge did not err in failing to rely on the testimony provided by the VE which was based on the opinions contained in the checklist.

Plaintiff also argues that the Law Judge erred by rejecting *all* of the opinions provided by Dr. Attarian which would have mandated a finding that he was disabled under the grids. All of Dr. Attarian's opinions were not rejected by the Law Judge. As noted above, the Law Judge's decision to give "reduced weight" to the November 4, 2003 checklist is supported by substantial evidence.

Finally, plaintiff contends that the Law Judge's finding that he was "not fully credible" is inconsistent with the standard for addressing credibility as set forth in the Commissioner's regulations and Social Security Rulings. It is well-established that if the Law Judge discredits a plaintiff's testimony, he must give specific reasons that are supported by the record. *Fisher v. Barnhart*, 2006 WL 1328700 * 3 (4th Cir. May 16, 2006); Soc. Sec. R. 96-7p. In addressing the credibility of plaintiff's reports of symptoms, and the intensity and persistence of pain he purported to experience, the Law Judge referred to, *inter alia*, a report performed by Dr. Fras which undermined plaintiff's credibility. (R. 21; 117-120.) In this evaluation dated September 10, 2003, Dr. Fras found that both plaintiff's physical examination and empirical studies were "within normal limits." (*Id.*) The Law Judge, having rightly relied on this evidence in evaluating the case as a whole, noted that this evaluation put in question the credibility of plaintiff's complaints that his symptoms were so severe and debilitating that he was precluded from

5

performing any substantial gainful activity. (R. 21.) His resolution of that question adversely to the plaintiff is supported by substantial evidence.

Accordingly, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

Aug 3, 2006
Date